and drug addiction, and which are not rationally related to any legitimate governmental purpose.

55. The City's discriminatory actions and omissions violate the Equal Protection Cause of the Fourteenth Amendment of the United States Constitution.

## COUNT VI
**(Violation of Article 10, Declaration of Rights of Massachusetts Constitution)**

56. Plaintiff repeats and incorporates by reference herein the allegations stated in paragraphs 1 through 55 above.

57. The City has employed classifications in its interpretation of the General Laws and the State Building Code which discriminate against individuals recovering from alcoholism and drug addiction, and which are not rationally related to any legitimate governmental purpose.

58. The City's discriminatory actions and omissions violate the Equal Protection Cause of Article 10 of the Declaration of Rights of the Massachusetts Constitution.

## COUNT VII
**(Violation of 42 U.S.C. § 1983)**

59. Plaintiff repeats and incorporates by reference herein the allegations stated in paragraphs 1 through 58 above.

60. Defendant City, acting under color of state law, is depriving plaintiff and plaintiff's residents of federal right under 42 U.S.C. § 1983 by:

  a. utilizing the General Laws and State Building Code and its method of administering the General Laws and State Building Code with the purpose of subjecting plaintiff and plaintiff's residents to discrimination solely on the basis of their handicap;

  b. subjecting plaintiff and plaintiff's residents, solely on the basis of their handicap, to discrimination under its enforcement activities;

  c. denying plaintiffs the equal protection of the law guaranteed by the Fourteenth Amendment to the United States Constitution by applying its enforcement activities in a manner so as to arbitrarily and irrationally deny plaintiff, because of the handicap of the residents of Oxford House-Hooper Street, the residential opportunities afforded to both groups of related non-disabled persons and unrelated disabled persons who are not recovering alcoholics and drug addicts.

## COUNT VIII
**(Request for Declaratory Relief, 28 U.S.C. § 2201)**

61. Plaintiff repeats and incorporates by reference herein the allegations stated in paragraphs 1 through 60 above.

62. Oxford House-Hooper Street is not a lodging house or boarding house as those terms are used in G.L. c. 148, § 26H, other provisions of the Massachusetts General Laws, and the Massachusetts State Building Code (780 CMR).

63. The individual residents of Oxford House-Hooper Street are not individuals to whom "lodgings are let" as that phrase is used in G.L. c. 148, § 26H.

## COUNT IX
**(Request for Injunctive Relief)**

64. Plaintiff repeats and incorporates by reference herein the allegations stated in paragraphs 1 through 63 above.

65. The City's requirement that an automatic sprinkler system be installed in Oxford House-Hooper Street and its refusal to grant the requested reasonable accommodation, after having already granted it in the Memorandum of Understanding dated December 9, 2003, will stigmatize Oxford House-Hooper Street and deny it single family environment that is central to Oxford House and critical to the residents' continued recovery. Additionally, limiting the number of residents to five, a number which would not trigger G.L. c. 148, § 26H, would not allow the house to be economically viable and have sufficient number of residents to create the peer supportive group that is central of a successful Oxford House.

66. MSHC and the residents of Oxford House-Hooper Street will be irreparably harmed if the requirements imposed by the City are allowed to remain in place.

67. The granting of a preliminary injunction will cause no comparable irreparable harm to the City pending the adjudication of this action.

## REQUEST FOR RELIEF

68. WHEREFORE, plaintiff requests that the Court:

   a. enter judgment for MSHC on Counts I, II, III, IV, V, VI, and VII;

   b. enter a judgment under Count VIII declaring that G.L. Ch. 148, §26H is not applicable to Oxford House-Hooper Street and its ten residents;

   c. preliminarily and permanently enjoin the City from imposing zoning, building, fire safety and other requirements upon the single family house at 68 Hooper Street, Chelsea that are not imposed on other single family houses in the City of Chelsea and from interfering with MSHC's use of the property at 68 Hooper Street, Chelsea as an Oxford House for ten men recovering from alcoholism and drug addiction;

   d. grant a short order of notice on plaintiff's request for a preliminary injunction;

   e. award MSHC its actual damages for the wrongful acts complained of, together with any available punitive damages, and pre-judgment and post-judgment interest;

   f. award MSHC its costs and disbursements incurred in connection with this action, including reasonable attorney's fees; and

   g. impose such civil penalties against the City as are provided for by law;

      h.    grant such other and further relief as this Court deems appropriate and just.

Dated: April 13, 2004

MASSACHUSETTS SOBER HOUSING CORPORATION

By its attorney,

Bruce T. Macdonald
BBO #310400
678 Massachusetts Avenue
Suite 901
Cambridge, MA 02139
(617) 354-1711

24

## Verification

The undersigned Bruce T. Macdonald states, under the pains and penalties of perjury, that he is the Bruce T. Macdonald referred to in the Verified Complaint; that he is President of Massachusetts Sober Housing Corporation, with responsibility for the day-to-day operations of the corporation; that he has read the Verified Complaint, and that the allegations contained therein are true and correct based on his own personal knowledge; and that facts not known on personal knowledge are true to the best of his information and belief.

Dated: April 13, 2004

_____
Bruce T. Macdonald