UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-10753-JLT

MASSACHUSETTS SOBER HOUSING
CORPORATION,

Plaintiff

v.

CITY OF CHELSEA, JAY ASH, In His Capacity as
City Manager, JOSEPH COONEY, In His Capacity
as Director of the Department of Inspectional
Services of the City of Chelsea, and JOSEPH
SIEWKO, In Capacity as Fire Chief of the City of
Chelsea,

Defendants

ANSWER OF DEFENDANTS

Now come the defendants, City of Chelsea, Jay Ash, in his capacity as City Manager of the City of Chelsea, Joseph Cooney, in his capacity as Director of the Department of Inspectional Services of the City of Chelsea, and Joseph Siewko, in his capacity as Fire Chief of the City of Chelsea, (collectively hereinafter the "Defendants") and hereby answer the Verified Complaint as follows:

## PRELIMINARY STATEMENT

To the extent the allegations set forth in the Preliminary Statement require a response, the same are denied.

## JURISDICTION AND VENUE

1.    The allegations set forth in Paragraph 1 comprise contentions as to matters of law not requiring a response by the Defendants.  To the extent a response is required, said allegations are denied.

2.    The allegations set forth in Paragraph 2 comprise contentions as to matters of law not requiring a response by the Defendants.  To the extent a response is required, said allegations are denied.

3.    Denied.

## PARTIES

4.    The Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 4.

5.    The Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 5.

6.    Admitted.

7.    Admitted.

8.    Admitted.

9.    Admitted.

## FACTUAL BACKGROUND

## MISSION OF MASSACHUSETTS SOBER HOUSING CORPORATION

10.    The Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 10.

11.    The Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 11.

12.    The Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 12.

13.    The Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 13.

14.     The Defendants admit that the property at 68 Hooper Street was inspected by a City building inspector on March 30, 2004.  The Defendants deny the remaining allegations set forth in Paragraph 14.  Further answering, Defendants state that Exhibit A speaks for itself.

15.     The Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 15.

<u>REQUEST FOR REASONABLE ACCOMMODATION</u>

16.     The Defendants state that Exhibit B speaks for itself.  The remaining allegations set forth in Paragraph 16 are denied.

17.     The Defendants admit that on November 18, 2003, Corporate Counsel Cheryl Anne Watson, City Manager Jay Ash, Police Chief Frank Garvin and the City's Veterans Agent Ted Sobolewski met with Bruce MacDonald.  The Defendants further admit that Bruce MacDonald presented information regarding Oxford House and the recent purchase of 68 Hooper Street, Chelsea, Massachusetts and that a written memorandum was executed whereby the City granted a reasonable accommodation and issued a building permit.  Further answering, the Defendants state that Exhibits C, D and E speak for themselves.  The Defendants deny the remaining allegations set forth in Paragraph 17.

18.     The Defendants state that Exhibits F and G speak for themselves.  The remaining allegations set forth in Paragraph 18 are denied.

19.     The Defendants state that Exhibits H, I and J speak for themselves, and that no further response to the allegations set forth in Paragraph 19 is required.

20.     The Defendants admit that they have not issued a Certificate of Occupancy based on the statutory requirements of M.G.L. c. 148, § 26H.  The Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in the second sentence of

Paragraph 20.  Further answering, the Defendants state that Exhibits K and L. speak for themselves.

COUNT I

(Violation of Fair Housing Act, 42 U.S.C., § 3602, *et seq.*)

21.     The Defendants restate and incorporate by reference herein their responses to Paragraphs 1-20.

22.     The allegations set forth in Paragraph 22 comprise contentions as to matters of law not requiring a response by the Defendants.

23.     Denied.

24.     The allegations set forth in Paragraph 24 comprise contentions as to matters of law not requiring a response by the Defendants.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

COUNT II

(Violation of the Americans With Disabilities Act, 42 U.S.C., § 12101, *et seq.*)

29.     The Defendants restate and incorporate by reference herein their responses to Paragraphs 1-28.

30.     The allegations set forth in Paragraph 30 comprise contentions as to matters of law not requiring a response by the Defendants.

31.     Denied.

32.    The allegations set forth in Paragraph 32 comprise contentions as to matters of law not requiring a response by the Defendants.  To the extent said allegations require a response, the same are denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

## COUNT III
(Violation of the Rehabilitation Act, 29 U.S.C, § 794, *et* seq.)

37.    The Defendants restate and incorporate by reference herein their responses to Paragraphs 1-36.

38.    The allegations set forth in Paragraph 38 comprise contentions as to matters of law not requiring a response by the Defendants.

39.    Denied.

40.    The allegations set forth in Paragraph 40 are too vaguely couched to permit a reasoned response.  To the extent a response is required, said allegations are admitted.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

## COUNT IV
(Violation of Massachusetts Zoning Act, M.G.L. c. 40A, §3)

45.    The Defendants restate and incorporate by reference herein their responses to Paragraphs 1-44.

46.     The allegations set forth in Paragraph 46 comprise contentions as to matters of law not requiring a response by the Defendants.

47.     The allegations set forth in Paragraph 47 comprise contentions as to matters of law not requiring a response by the Defendants.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

## COUNT V
(Violation of Equal Protection Clause, United States Constitution)

53.     The Defendants restate and incorporate by reference their responses to Paragraphs 1-52.

54.     Denied.

55.     Denied.

## COUNT VI
(Violation of Article 10, Declaration of Rights of Massachusetts Constitution)

56.     The Defendants restate and incorporate by reference their responses to Paragraphs 1-55.

57.     Denied.

58.     Denied.

## COUNT VII
### (Violation of 42 U.S.C., § 19831)

59.     The defendants restate and incorporate by reference their responses to Paragraphs 1-58.

60.     Denied.

## COUNT VIII
### (Request for Declaratory Relief, 28 U.S.C., § 2201)

61.     The Defendants restate and incorporate by reference their responses to Paragraphs 1-60.

62.     Denied.

63.     Denied.

## COUNT IX
### (Request for Injunctive Relief)

64.     The Defendants restate and incorporate by reference their responses to Paragraphs 1-63.

65.     Denied.

66.     Denied.

67.     Denied.

## REQUEST FOR RELIEF

68.     Paragraph 68 comprises prayers for relief not requiring a response by the Defendants.  To the extent a response is required, said allegations are denied.

## DEFENSES

## FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by failure to comply with the applicable statute of limitations.

## THIRD DEFENSE

The defendants deny the existence of a justiciable controversy pursuant to 28 U.S.C., § 2201.

## FOURTH DEFENSE

Defendant City of Chelsea denies all of the plaintiff's allegations of wrongful conduct and states that there is no custom or policy amounting to a constitutional violation, and that the City cannot be held liable on a theory of *respondeat superior*.

## FIFTH DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted because it has failed to allege that the defendants deprived it of any constitutional right.

## SIXTH DEFENSE

The claims arising out of the subject matter of the occurrences alleged are barred as the defendants were carrying out executive, administrative and public safety functions in good faith.

## SEVENTH DEFENSE

Defendants deny all of plaintiff's allegations of wrongful conduct and state that they were at all relevant times a public employer or public employees acting within the scope of their employment in good faith, and in the reasonable belief that their actions were lawful.

## EIGHTH DEFENSE

The actions and conduct of the individual defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which they were aware, and they enjoy qualified immunity from suit and liability.

## NINTH DEFENSE

The actions and conduct of the individual defendants did not violate any clearly established constitutional or statutory rights of which they reasonably should have been aware, and they are therefore entitled to qualified immunity.

## TENTH DEFENSE

The Complaint fails to state a claim for which punitive damages are available against the defendants.

## ELEVENTH DEFENSE

Plaintiff's action is barred on the basis that it has a state law remedy.

## TWELFTH DEFENSE

The plaintiff lacks standing to prosecute the claims set forth in the Complaint.

## THIRTEENTH DEFENSE

The alleged acts or omissions of the defendants were not the cause, proximate or otherwise, of the alleged injury or damage.

## FOURTEENTH DEFENSE

Plaintiff's complaint is barred by its failure to exhaust administrative remedies.

## FIFTEENTH DEFENSE

Plaintiff's equal protection claim should be dismissed for failure to plead the requisite arbitrary and capricious action, unrelated to legitimate governmental purposes.

### SIXTEENTH DEFENSE

Plaintiff's equal protection claim should be dismissed for failure to identify others similarly situated which it alleges were treated differently by defendants..

### SEVENTEETH DEFENSE

Defendants deny that the decisions at issue exceeded their authority or were arbitrary, capricious, grossly negligent, malicious, in bad faith or legally erroneous.

### EIGHTEENTH DEFENSE

Defendants deny any discriminatory action on the basis of handicap or disability.

### NINETEENTH DEFENSE

Defendants deny retaliation, interference, coercion or intimidation concerning plaintiff's statutory and constitutional rights.

### TWENTIETH DEFENSE

The Defendants state that no monetary damages are available in this case.

### TWENTY-FIRST DEFENSE

The Complaint fails to state a claim for injunctive relief.

### TWENTY-SECOND DEFENSE

The action filed by the plaintiff is frivolous, wholly unsubstantial and not advanced in good faith, entitling the Defendants to the recovery of all costs, expenses and attorneys' fees associated with the defense of this case.

<u>JURY CLAIM</u>

The defendants respectfully demand a trial by jury.

DEFENDANTS,

By their attorney,

Joseph L. Tehan, Jr. (BBO # 494020)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA  02116
(617) 556-0007

218388/METG/0550

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail-hand on 5/14/04

11